OPINION
{¶ 1} Defendant-appellant, ICON Health and Fitness, Inc. ("ICON"), appeals from a judgment rendered in favor of plaintiffs-appellees, Nationwide Mutual Insurance Company ("Nationwide") and Suzette King (collectively referred to as "appellees"), on their design defect claims. For the following reasons, we reverse and remand.
 {¶ 2} On the night of January 17, 1999, a fire broke out in a house located at. 1014 Oregon Avenue, Columbus, Ohio. Wayne and Emily Lloyd ("the Lloyds") owned the house and rented half of the house to Ms. King. The fire allegedly started in a room where King kept a treadmill plugged into an electrical outlet. ICON manufactured the treadmill. The Lloyds and Ms. King both sustained property damage as a result of the fire. At the time, Nationwide insured the house under a homeowner's insurance policy purchased by the Lloyds. Nationwide paid the Lloyds' property damage claims and became subrogated to the Lloyds' rights against ICON. Appellees subsequently filed this lawsuit. They both sought recovery from ICON for the property damage caused by the fire. They claimed, in relevant part, that the treadmill's defectively designed power cord caused the fire.
 {¶ 3} In their initial disclosure of witnesses, appellees identified their expert witnesses. Those witnesses were Richard D. Dropsey and Charles Henderson, who were to testify concerning the cause and origin of the fire, and Glen Hardin, an electrical engineer, who was to testify concerning the alleged design defect in the electrical power cord. Shortly before trial, however, appellees informed ICON that Mr. Dropsey would be their only expert witness and that he would testify about the cause and origin of the fire as well as the defective design of the power cord. Over ICON's objections, the trial court allowed Mr. Dropsey to testify about both the cause of the fire and the alleged design defect in the power cord.[1] Mr. Dropsey opined that the treadmill's power cord was defectively designed and that this design defect caused the fire. He further testified that there was an alternative power cord design available to ICON that would have prevented the fire. Specifically, Mr. Dropsey testified that ICON could have placed a surge protection device in the plug of the power cord. After the presentation of evidence, the case went to the jury only on appellees' design defect claim.[2] The jury found in favor of appellees and awarded them damages. All parties filed post-trial motions. The trial court denied ICON's motion for judgment notwithstanding the verdict and/or for a new trial and granted appellees' request for prejudgment interest.
 {¶ 4} ICON appeals, assigning the following errors:
1. The trial court incorrectly refused to exclude the testimony of richard dropsey regarding his opinions that the icon treadmill was defective.
2. The trial court incorrectly failed to grant icon a new trial or judgment notwithstanding the verdict on plaintiffs' design defect claim.
3. The trial court incorrectly awarded plaintiffs prejudgment interest.
 {¶ 5} In order to establish the elements of a products liability design defect claim, a plaintiff must show that: (1) there was a defect in the product manufactured and sold by the defendant; (2) the defect existed at the time the product left the defendant's control, and; (3) the defect was the direct and proximate cause of the plaintiff's injuries or losses. State Farm Fire Cas. Co. v. Chrysler Corp. (1988),37 Ohio St.3d 1, 5-6. Additionally, a plaintiff in a design defect case bears the burden to demonstrate that a practical and technically feasible alternative design or formulation was available at the time the product left the manufacturer that would have prevented the harm caused without substantially impairing the usefulness or intended purpose of the product.[3] R.C. 2307.75(F); Jacobs v. E.I. du Pont de Nemours Co.
(C.A.6, 1995), 67 F.3d 1219, 1242; McGrath v. General Motors Corp.
(C.A.6, 2002), 26 Fed.Appx. 506; Miller v. Uniroyal Technology Corp.
(C.A.6, 2002), 35 Fed.Appx. 216; see, also, Bloomer v. Van-KowEnterprises (May 5, 1994), Cuyahoga App. No. 64970.
 {¶ 6} In its first assignment of error, ICON contends the trial court abused its discretion when it allowed Dropsey to provide expert testimony about the design of the power cord and any feasible, alternative designs available at the time the product left ICON's possession. We agree.
 {¶ 7} Evid.R. 702 sets forth the necessary qualification for a witness to testify as an expert. It states in pertinent part:
A witness may testify as an expert if all of the following apply:
(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *"
 {¶ 8} To qualify as an expert, the witness need not be the best witness on the subject. Alexander v. Mt. Carmel Med. Ctr. (1978),56 Ohio St.2d 155, 159. However, the expert must demonstrate some knowledge of the subject superior to that possessed by an ordinary juror. Scott v. Yates (1994), 71 Ohio St.3d 219, 221; State Auto Mut.Ins. Co. v. Chrysler Corp. (1973), 36 Ohio St.2d 151, 160. A witness may be qualified as an expert based on special knowledge, skill, experience, training, or education. McConnell v. Budget Inns of Am. (1998),129 Ohio App.3d 615, 625. A witness may be qualified to testify as an expert on one subject but may not be qualified to testify as an expert on another, related subject. See Waste Mgt. of Ohio, Inc. v. Mid-AmericaTire, Inc. (1996), 113 Ohio App.3d 529, 535 (finding expert witness qualified to testify as to one issue but not qualified to testify as to another); Campbell v. The Daimler Group, Inc. (1996),115 Ohio App.3d 783, 793-794 (same).
 {¶ 9} The determination of whether a witness possesses the qualifications necessary to allow his expert testimony lies within the sound discretion of the trial court. Such determination will not be reversed by an appellate court unless there is a clear showing of an abuse of discretion on the part of the trial court. Id.; Ayers v.Debucci (2000), 137 Ohio App.3d 145, 148. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} ICON does not contest Mr. Dropsey's qualifications to provide expert testimony about the cause and origin of the fire. In fact, Mr. Dropsey has extensive experience and knowledge in this area. He worked for several fire departments in Ohio and served in a number of fire investigation groups as well as an arson task force. He also is a certified fire investigator and has testified in many other cases as an expert in the field of fire investigation. Rather, ICON contends that Mr. Dropsey lacked the necessary knowledge, skill, experience, training, or education to provide expert testimony about the design of the power cord and any feasible, alternative designs available at the time the product left the manufacturer. The record supports ICON's contention.
 {¶ 11} On cross-examination, Mr. Dropsey testified that he was not an electrical engineer or an electrician. He admitted he had no experience in the design of power cords or the design or manufacture of ICON's treadmill and its component parts. He admitted he did not know what standards were applicable to power cord design at the time the treadmill was manufactured. His curriculum vitae reveals a complete lack of experience and training in the areas of electrical engineering and specifically, power cord design. Given Mr. Dropsey's complete lack of knowledge and experience in matters relating to the design of power cords, he was not qualified to opine about the design of the power cord in question or any feasible, alternative designs available to ICON when the power cord was manufactured. See Hamilton Mut. Ins. Co. of Cincinnativ. Ford Motor Co. (1997), 122 Ohio App.3d 611, 615 (witness qualified to provide expert testimony regarding origin of fire not qualified to provide expert testimony regarding design and manufacturing of product); see, also, Campbell, supra; Vermett v. Fred Christen Sons Co. (2000),138 Ohio App.3d 586, 606. Accordingly, the trial court acted unreasonably and abused its discretion by allowing Mr. Dropsey to provide expert testimony concerning these subject matters. Therefore, ICON's first assignment of error is sustained.
 {¶ 12} In its second assignment of error, ICON contends the trial court erred by denying its motion for judgment notwithstanding the verdict because appellees failed to present sufficient evidence to prove that a design defect existed at the time the treadmill left ICON and that a practical and technically feasible alternative design or formulation was available at that time. We agree.
 {¶ 13} The standard for reviewing a trial court's decision concerning a motion for judgment notwithstanding the verdict is the same as that applicable to a motion for directed verdict. Nickell v. Gonzalez (1985),17 Ohio St.3d 136, 137; Ford v. Tandy Transp., Inc. (1993),86 Ohio App.3d 364, 384. A motion for judgment notwithstanding the verdict should be denied if there is substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim. Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 275. Conversely, the motion should be granted where the evidence is legally insufficient to support the verdict. Aldahan v.Tansky Sales, Inc. (June 20, 2000), Franklin App. No. 99AP-651. The evidence is to be construed most strongly in favor of the non-movant, who is also given the benefit of all reasonable inferences from the evidence. Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68. The court must neither weigh the evidence nor the credibility of the witnesses. Osler v. Lorain (1986), 28 Ohio St.3d 345, syllabus; Aldahan.
Appellate review of a motion for judgment notwithstanding the verdict is de novo. Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257-258.
 {¶ 14} The condition of a product at the time it left the manufacturer's possession may be inferred by showing that its condition has remained unchanged since the product was sold. State Farm Fire Cas. Co., supra. This may be established by showing that the product was not tampered with. Winkles v. Pontiac, Lucas App. No. L-03-1034, 2004-Ohio-1187, at ¶ 19. In the present case, King testified that she bought the treadmill new and that the power cord had not been tampered with, damaged, or altered since she purchased the treadmill. She placed the treadmill in a somewhat blocked-off area where people could not walk around it. This is substantial evidence upon which reasonable minds could find that the treadmill had not been tampered with, which would allow the inference that its condition had remained unchanged since the treadmill left ICON's possession.
 {¶ 15} However, the only evidence appellees presented to establish a design defect and a technically feasible alternative design for the power cord was Mr. Dropsey's expert testimony. As we previously held, Mr. Dropsey was not qualified to provide expert testimony on this subject and the trial court abused its discretion by allowing him to testify about the alleged design defect and the technically feasible alternative design for the power cord. Furthermore, expert testimony would be required to establish that there was a design defect and a technically feasible alternative design available to ICON because this knowledge is beyond that possessed by the average lay person. Mullins v. Clark Equipment Co.
(Oct. 26, 1994), Montgomery App. No. 14426. Absent Mr. Dropsey's testimony, appellees did not present any evidence to establish a design defect or any evidence to establish a technically feasible alternative design that ICON could have used for its power cord at the time the treadmill left its possession. Lacking such evidence, a manufacturer is not liable for a statutory design defect claim brought pursuant to R.C.2307.75. Jacobs, McGrath, supra. Accordingly, the trial court erred when it denied ICON's motion for judgment notwithstanding the verdict on this issue, as the evidence was legally insufficient to support the jury's verdict. See Meade v. National Bank of Adams County, Adams App. No. 02CA-733, 2002-Ohio-5747, at ¶ 33-39 (finding error in denying judgment notwithstanding verdict where, without evidence improperly admitted at trial, no other evidence supported award of damages); cf. Steinmetz v.Latva, Erie App. No. E-02-025, 2003-Ohio-3455, at ¶ 50 (reversing trial court's denial of directed verdict where, absent incompetent and inadmissible expert testimony, no other evidence of proximate cause presented). ICON's second assignment of error is sustained.
 {¶ 16} Our disposition of ICON's first and second assignments of error renders ICON's third assignment of error, which addresses the trial court's grant of prejudgment interest, moot. App.R. 12.
 {¶ 17} In conclusion, ICON's first and second assignments of error are sustained. Our disposition of those assignments of error renders ICON's third assignment of error moot. Therefore, the third assignment of error is overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and the case is remanded with instructions to enter judgment notwithstanding the verdict in favor of ICON.
Judgment reversed and cause remanded with instructions.
Bryant and Petree, JJ., concur.
[1] ICON did not contest Dropsey's qualifications to provide expert testimony as it related to the cause and origin of the fire.
[2] The trial court granted ICON's motion for a directed verdict on appellees' other claims.
[3] This showing, however, is not required if the manufacturer acted unreasonably in introducing the product into trade or commerce. Appellees do not allege that ICON acted unreasonably in this regard.