OPINION
{¶ 1} On October 9, 2001, plaintiff-appellant, Douglas Dale, through counsel, filed a complaint in the Ohio Court of Claims against defendant-appellee, Ohio State Highway Patrol and Trooper K.T. Worner, alleging malicious prosecution, false imprisonment, and violations of Section 1983, Title 42, U.S. Code arising from appellant's arrest and subsequent prosecution for violations of R.C. 4513.263 (failure to wear a seatbelt) and R.C. 2931.21 (obstructing official business) following a traffic stop in December 1996. Appellant's complaint also asserted that appellee's administrative policies violated his constitutional rights.
 {¶ 2} The trial court sua sponte dismissed Worner as a party pursuant to R.C. 2743.02(E). Thereafter, following an evidentiary hearing, the trial court determined that Worner acted within the scope of his employment and did not act with malicious purpose, in bad faith, or in a wanton or reckless manner. Accordingly, the court held that Worner was entitled to personal immunity pursuant to R.C. 9.86 and 2743.02(F). Appellant appealed the immunity determination but failed to file a transcript as required by App.R. 9(B) or a statement of the evidence as provided for in App.R. 9(C). This court affirmed the trial court's judgment, holding that in the absence of a transcript or an evidentiary statement, appellant had failed to demonstrate error, requiring this court to presume the validity of the trial court proceedings. Dale v.Ohio State Highway Patrol (Feb. 21, 2002), Franklin App. No. 01AP-1097 (Memorandum Decision).
 {¶ 3} The trial court bifurcated the issues of liability and damages. On June 9, 2003, the issue of liability was tried before a magistrate. Prior to trial, appellant discharged his attorney; he represented himself at trial. Following trial, appellant filed a "motion" for findings of fact and conclusions of law along with a "memorandum in support" of the motion, which the magistrate construed as a request for findings of fact and conclusions of law pursuant to Civ.R. 52 and 53(E)(2). The magistrate granted the "motion" and permitted the parties to submit proposed findings of fact and conclusions of law.
 {¶ 4} On July 9, 2003, appellant submitted proposed findings of fact and conclusions of law requesting, inter alia, that the magistrate declare R.C. 2935.26 and Ohio State Highway Patrol Policy 203.18 (both of which address when a minor misdemeanant may be arrested rather than issued a citation) unconstitutional, find that appellee lacked probable cause to cite him for violating R.C. 4513.263 and to arrest him pursuant to R.C. 2935.26(A)(2), and find that the court of claims lacked jurisdiction to determine Section 1983, Title 42, U.S. Code claims and enter an order removing those claims to an appropriate court.
 {¶ 5} On April 8, 2004, the magistrate rendered a decision which included the following factual findings. In the early morning hours of December 8, 1996, Trooper Leo Shirkey stopped a van driven by Dean Lukens for a marked lanes violation. Appellant was seated in the front passenger seat of the van. After Shirkey pulled the van over, he exited his vehicle and observed the two occupants of the van through the van's rear windows. As he approached the van, he noted no movement of the occupants. Upon reaching the driver's side window, he saw that neither occupant was wearing a seatbelt. He also detected an odor of alcohol about Lukens. Shirkey asked Lukens to exit the vehicle so that he could perform a field sobriety test. Lukens exited the van but refused to take the test. Shirkey called for assistance and Worner arrived on the scene. Shirkey asked Worner to issue a citation to appellant for failure to wear a seatbelt. When Worner attempted to issue the citation, appellant refused to state his name or produce any identification. Following appellant's repeated refusals to identify himself, Worner cited appellant for failure to wear a seatbelt in violation of R.C. 4513.263 and obstructing official business in violation of R.C. 2921.31. Appellant was identified as "John Doe" on the citations and was arrested and taken into custody. He was released the following day after he identified himself. At the subsequent criminal trial, the court acquitted appellant of the no seatbelt charge and dismissed the charge of obstructing official business.
 {¶ 6} Based upon these factual findings, the magistrate determined that appellant failed to prove his malicious prosecution and false imprisonment claims by a preponderance of the evidence. Addressing the malicious prosecution claim, the magistrate noted the three elements a plaintiff must prove to establish malicious prosecution — (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant. SeeMikes v. Kent State Univ. (Mar. 8, 1990), Franklin App. No. 89AP-749. Noting that the court had previously determined that Worner did not act with malicious purpose, in bad faith, or in a wanton or reckless manner, the magistrate concluded that appellant failed to prove that Worner acted maliciously when he arrested appellant.
 {¶ 7} With regard to the probable cause element, the magistrate noted that appellant had testified at trial that he removed his seatbelt after Shirkey stopped the van, but that Shirkey had testified that based upon his observations, he did not believe that appellant removed his seatbelt after the van was stopped. Concluding that Shirkey's testimony was more credible than appellant's, the magistrate found that appellee had probable cause to issue appellant a citation for failure to wear a seatbelt pursuant to R.C. 4513.263. The magistrate further found that appellant's own trial testimony established that he refused to identify himself to law enforcement officials when requested to do so, and that such refusal, coupled with Shirkey's observation that appellant was not wearing his seatbelt, provided appellee probable cause to arrest appellant pursuant to R.C. 2935.26(A)(2).
 {¶ 8} Addressing the false imprisonment claim, the magistrate noted that appellant was required to prove he was confined intentionally without lawful privilege without his consent. Citing her previous determination that appellant had been lawfully arrested pursuant to R.C.2935.26(A)(2), the magistrate found that appellant had failed to prove that Shirkey and Worner were without lawful privilege to detain him.
 {¶ 9} Finally, the magistrate determined that the Court of Claims was without jurisdiction to consider appellant's Section 1983, Title 42, U.S. Code claims or his constitutional claims. Accordingly, the magistrate recommended that judgment be entered in favor of appellee.
 {¶ 10} On April 15, 2004, appellant filed a request for separate findings of fact and conclusions of law. On April 27, 2004, the trial court denied the request, finding that the magistrate's decision contained factual findings and legal conclusions in sufficient detail to allow appellant to frame his objections and to facilitate the court's independent review of those objections.
 {¶ 11} On April 21, 2004, appellant filed 10 objections to the magistrate's decision, supported by exhibits admitted at the liability trial, including the transcript of proceedings from appellant's criminal trial and the transcript of Shirkey's deposition testimony.
 {¶ 12} On May 25, 2004, the trial court found that appellant's objections challenged several of the magistrate's factual findings and that appellant had failed to file a transcript of the proceedings before the magistrate in support of those objections as required by Civ.R. 53(E)(3)(c). Acknowledging that Shirkey's deposition transcript and the transcript of appellant's criminal trial had been admitted at the liability trial, the court found that such evidence represented only a portion of the admitted evidence. Accordingly, the court determined that absent a complete transcript of the proceedings before the magistrate, the court was unable to conduct an independent review of all the evidence in ruling upon the merits of appellant's objections. Moreover, the court found that the magistrate had properly determined that appellant failed to satisfy his burden of proof on the first two elements of his malicious prosecution claim. Accordingly, the court found that the magistrate had determined the relevant facts, analyzed the issues and applied the salient law to the facts. As such, the court overruled appellant's objections and adopted the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein.
 {¶ 13} Appellant has timely appealed the trial court's judgment and sets forth the following seven assignments of error:
I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DECIDING THE CASE ON EVIDENTIARY AND/OR PROCEDURAL TECHNICALITIES BY EXCLUDING THE TRIAL DEPOSITION OF LEO SHIRKEY AND PLAINTIFF'S EXHIBITS WHICH WERE PROPERLY FILED, ADMITTED AS EVIDENCE AND MADE PART OF THE RECORD AS OPPOSED TO THE MERITS OF THE CASE WHERE THE MAGISTRATE USED SAID TRIAL DEPOSITION AND PLAINTIFF'S EXHIBITS TO FORM THE BASIS FOR MAGISTRATE'S DECISION.
II. THE TRIAL COURT ERRED IN NOT FINDING THAT DEFENDANT COULD NOT EXTEND THE SCOPE OF THE INVESTIGATION BEYOND THE PURPOSE OF THE INITIAL STOP OF THE DRIVER OF THE PANEL VAN WHERE THERE WAS NO REASONABLE, ARTICULABLE SUSPICION AND THEREFORE NO PROBABLE CAUSE THAT PLAINTIFF WAS NOT WEARING A SEAT BELT.
III. THE TRIAL COURT ERRED IN NOT FINDING THAT DEFENDANT COULD NOT ESTABLISH PROBABLE CAUSE FOR A VIOLATION OF THE SEAT BELT STATUTE BY PLAINTIFF FROM FACTS OBTAINED AFTER THE INITIAL STOP OF THE DRIVER OF THE PANEL VAN.
IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT PLAINTIFF WAS FALSELY ARRESTED, INCARCERATED AND PROSECUTED FOR A SEAT BELT VIOLATION WHERE THE PREPONDERANCE OF THE EVIDENCE AND TESTIMONY PRESENTED WERE INSUFFICIENT TO ESTABLISH PROBABLE CAUSE FOR SUCH VIOLATION.
V. THE TRIAL COURT ERRED IN NOT FINDING FROM THE EVIDENCE AND TESTIMONY THAT PLAINTIFF-APPELLANT STATED A PRIMA FACIE CASE FOR FALSE ARREST AND MALICIOUS PROSECUTION FOR LACK OF REASONABLE SUSPICION, PROBABLE CAUSE AND IN FINDING THAT PLAINTIFF-APPELLANT HAD TO IDENTIFY HIMSELF WHERE NO REASONABLE SUSPICION OF CRIMINAL ACTIVITY WAS PRESENT.
VI. THE OHIO COURT OF CLAIMS HAS EXCLUSIVE, ORIGINAL JURISDICTION IN ACTIONS FOR MONEY DAMAGES AND DECLARATORY RELIEF AND IT ERRED AS A MATTER OF LAW IN NOT DECIDING AND THEN OVERRULING PLAINTIFF-APPELLANT'S REQUEST FOR DECLARATORY JUDGMENTS.
VII. THE TRIAL COURT ERRED IN ASSUMING THAT PLAINTIFF-APPELLANT WAS ATTEMPTING TO LITIGATE 42 USC 1983 CIVIL RIGHTS ISSUES BEFORE THE OHIO COURT OF CLAIMS AND IN DENYING PLAINTIFF'S REQUEST TO REMOVE SAID CLAIMS TO THE COURT OF COMMON PLEAS OR THE FEDERAL DISTRICT COURT.
 {¶ 14} Initially, we must address a contention raised by appellee — that appellant failed to submit proper objections to the magistrate's decision in accordance with Civ.R. 53. Civ.R. 53(E)(3)(b) instructs parties as to the proper form for objections to a magistrate's decision, stating that "objections shall be specific and state with particularity the grounds of the objection." Appellee concedes that appellant set forth specific objections to the magistrate's decision, but argues that he failed to support his objections with any factual or legal grounds in an accompanying memorandum. According to appellee, appellant's omission precludes him from assigning any error on appeal relating to the court's adoption of the magistrate's factual findings or legal conclusions pursuant to Civ.R. 53(E)(3)(d), which states, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 15} We note that appellee did not challenge appellant's objections before the trial court. Indeed, appellee did not file a response to appellant's objections. Moreover, we find that appellant provided adequate factual reasoning and legal authority to substantiate his objections. All of the issues raised in the objections were discussed at length in appellant's July 9, 2003 proposed findings of fact and conclusions of law, a copy of which was attached to the objections. "The purpose of objections is to put the court on notice of a party's particular complaint, at a time when errors can be corrected." Messer v. Messer,
Darke App. No. 1570, 2002-Ohio-4196, at ¶ 21. We find that this purpose was satisfied since all the issues raised in the objections were brought to the attention of both the magistrate and the trial court.
 {¶ 16} We proceed now to a review of appellant's assignments of error. As the first, second, third, fourth, and fifth assignments of error are interrelated, we will consider them simultaneously. Appellant contends the trial court erred in concluding that his failure to provide a complete transcript of the proceedings before the magistrate precluded the court from conducting an independent review in ruling upon the merits of appellant's objections. Appellant argues that the court should have reviewed the trial exhibits he provided with his objections to the magistrate's decision before overruling his objections.
 {¶ 17} Civ.R. 53(E)(3)(c) provides, in relevant part, that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Pursuant to this rule, an objecting party must provide a transcript or affidavit to support his or her objections to a magistrate's findings of fact. The burden of providing the trial court with a transcript or appropriate affidavit rests with the objecting party. Weitzel v. Way, Summit App. No. 21539, 2003-Ohio-6822, at ¶ 17. "Where the failure to provide the relevant portions of the transcript or suitable alternative is clear on the face of the submissions, the trial court cannot then address the merits of that factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection." (Emphasis sic.) Wade v. Wade
(1996), 113 Ohio App.3d 414, 418. "It [is the objecting party's] duty to provide all of the relevant materials needed for [a] trial court to properly address [the] objections. It is disingenuous for [an objecting] party to submit only those portions of the evidence presented that supports his [or her] position, while omitting all evidence that was contrary to his [or her] position." (Emphasis sic.) Id.
 {¶ 18} Where the required support for a party's objections is not provided, a trial court is required to accept the magistrate's findings of fact and may examine only the magistrate's legal conclusions based upon those facts. State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730. In such circumstances, an appellate court's review of an appellant's assignments of error is limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of fact. An abuse of discretion is more than an error of judgment, but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 19} Appellant concedes he did not file a complete transcript of the liability trial, but contends that he provided the trial court with the only evidence relevant to the magistrate's determination that appellee had probable cause to cite him for violating R.C. 4513.263 and to arrest him pursuant to R.C. 2935.26 — the transcript of proceedings from his underlying criminal trial and the transcript of Shirkey's deposition testimony. As discussed in Wade, appellant's submission is insufficient. As the objecting party, appellant was required to provide all the evidence relevant to the magistrate's determination of the probable cause issues. Appellant failed to supply either his own testimony or that of Worner. Appellant's suggestion that only Shirkey's testimony is relevant is without merit. Here, appellant submitted only the portion of the evidence that he believed supported his position. As appellant failed to submit all the evidence relevant to the magistrate's findings on the probable cause issues, the trial court was limited to examining the magistrate's legal conclusions in light of the accompanying findings of fact.
 {¶ 20} As previously stated, in assessing appellant's malicious prosecution claim, the magistrate found that appellant testified that he removed his seatbelt after Shirkey stopped the van and that Shirkey testified that, based upon his observations, he did not believe that appellant removed his seatbelt after the van was stopped. The magistrate found Shirkey's testimony more credible than appellant's. Based upon these findings, the magistrate concluded that appellee had probable cause to issue appellant a citation for failure to wear a seatbelt pursuant to R.C. 4513.263. The magistrate further found that appellant's own trial testimony established that he refused to identify himself to law enforcement officials when requested to do so, and that such refusal, coupled with Shirkey's observation that appellant was not wearing his seatbelt, provided appellee probable cause to arrest appellant pursuant to R.C. 2935.26(A)(2).
 {¶ 21} The trial court adopted the magistrate's factual findings and concluded that the magistrate had applied the salient law to those findings. Upon review of the law applicable to claims for malicious prosecution and false imprisonment, we cannot find that the trial court abused its discretion in applying that law to the magistrate's factual findings.
 {¶ 22} Moreover, even accepting appellant's contention that he provided all the evidence relevant to the issue of whether appellee had probable cause to cite him for violation of the seatbelt statute, upon review of that evidence, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision.
 {¶ 23} At appellant's criminal trial, Shirkey testified that appellant took no action either before or after the vehicle was stopped which would have led Shirkey to believe that appellant had been wearing his seatbelt but then removed it. Indeed, Shirkey testified that appellant did not change position in his seat nor did he make any movement whatsoever inside the vehicle either before or after the vehicle was stopped. Similarly, Shirkey testified during his deposition in the liability trial that after he stopped the vehicle for the marked lanes violation, he looked through the vehicle's rear windows, observed that appellant was not wearing a seatbelt, and asked Worner to issue a citation for failure to wear a seatbelt. He reiterated that appellant made no movement indicating that he was removing his seatbelt prior to when the vehicle was being operated or after the vehicle was stopped. Appellant points to Shirkey's cross-examination testimony at the criminal trial where he admitted that he could not tell whether appellant was wearing his seatbelt prior to the time he pulled the vehicle over and where he further admitted the possibility that appellant could have released his seatbelt and shoulder harness without him noticing it as conclusive evidence that appellant was cited for a seatbelt violation without probable cause.
 {¶ 24} For the same proposition, appellant also points to his own testimony that he removed his seatbelt only after Shirkey pulled the vehicle over. However, it was within the magistrate's discretion, as the trier of fact, to afford Shirkey's cross-examination testimony little weight and to afford appellant's testimony no weight. Indeed, the magistrate noted in her decision that she found Shirkey's testimony more credible than that of appellant. It is axiomatic that credibility issues are the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Further, Shirkey's testimony that he could not definitively tell whether appellant was wearing his seatbelt while the vehicle was being driven on the roadway does not, as appellant suggests, conclusively prove that appellant was wearing his seatbelt. The magistrate could have concluded that the fact that Shirkey did not observe appellant change his position or make any movement after the vehicle was stopped implicitly suggests that appellant was not wearing his seatbelt while the van was being operated on the roadway. Accordingly, the portion of the evidence provided by appellant does not establish that the trial court abused its discretion in adopting the magistrate's conclusion relevant to the issue of whether appellee had probable cause to cite him for violating the seatbelt statute. Accordingly, appellant's first, second, third, fourth and fifth assignments of error are not well-taken.
 {¶ 25} By his sixth assignment of error, appellant contends the trial court erred in overruling the objections related to his allegations of constitutional violations. As noted, the magistrate determined that the Court of Claims was without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or United States Constitutions; the trial court overruled appellant's objection to that determination. In Howard v. Supreme Court of Ohio, Franklin App. No. 04AP-1093, 2005-Ohio-2130, this court recently reaffirmed its position that the Court of Claims may not entertain claims alleging constitutional violations: "The Court of Claims, however, does not have jurisdiction to consider claims for relief premised upon violations of the Ohio or United States Constitutions. Constitutional claims are not actionable in the Court of Claims because a plaintiff is limited to causes of action that could be brought between private parties." Id. at ¶ 15. (Citations omitted.) Accordingly, the sixth assignment of error is overruled.
 {¶ 26} In his seventh assignment of error, appellant contends the trial court erred in assuming he was attempting to litigate his Section 1983, Title 42, U.S. Code claims in the Court of Claims and in denying his request to transfer those claims to the common pleas court or federal court. Because appellant's complaint set forth claims alleging violations of Section 1983, Title 42, U.S. Code, it was entirely reasonable for the magistrate to conclude that appellant was "attempting to litigate" those claims. The magistrate properly determined, pursuant to Burkey v.Southern Ohio Correctional Facility (1988), 38 Ohio App.3d 170, that such claims are not cognizable in the Court of Claims and the trial court properly overruled appellant's objection to that determination.
 {¶ 27} As to appellant's claim that the trial court erred in failing to transfer the Section 1983, Title 42, U.S. Code claims to an appropriate court, we note that appellant has provided us with no authority establishing that the Court of Claims has any such duty. Accordingly, the seventh assignment of error is not well-taken.
 {¶ 28} For the foregoing reasons, appellant's seven assignments of error are overruled, and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.