OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Alice G. Davis, from a judgment of the Franklin County Municipal Court, overruling appellant's objections to a magistrate's decision and dismissing her action against defendant-appellee, Ford Motor Company.
 {¶ 2} On December 16, 2003, appellant filed a complaint in the small claims division of the Franklin County Municipal Court, alleging that appellee had manufactured an engine with a defective head gasket. Appellant sought damages in the amount of $2,895.
 {¶ 3} The case came for trial before a magistrate on April 19, 2004. The magistrate issued a decision on August 20, 2004, entering judgment in favor of appellee. Following appellant's request for findings of fact and conclusions of law, the magistrate issued an amended decision on January 6, 2005.
 {¶ 4} Because appellant did not file with the trial court a transcript of the proceedings before the magistrate, the following factual background is taken from the findings of fact set forth in the magistrate's decision. In September of 1994, appellant purchased a new 1995 Ford Windstar van. On December 9, 1998, a head gasket failed in the vehicle; a local Ford dealer repaired the vehicle at no cost to appellant, based upon a recall issued by appellee.
 {¶ 5} In September of 2003, appellant had the oil changed on the vehicle. Appellant's son, Tom Davis ("Davis"), subsequently heard some knocking sounds coming from the engine. At trial, appellant and Davis expressed their belief that a head gasket had again failed in the vehicle. Davis, who is a nuclear engineer, testified as an expert witness.
 {¶ 6} The Windstar was covered by an initial three-year, 36,000-mile warranty, with a warranty start date of September 2, 1994. In June 1998, Ford issued an extended service protection program applicable to vehicles within five years of age or 60,000 miles. In March 2000, appellee issued another extended protection program applicable to vehicles within seven years of age or 100,000 miles of use.
 {¶ 7} The magistrate concluded that appellant failed to prove that a failed head gasket caused the symptoms demonstrated by the Windstar in 2003. The magistrate further found that, at the time of the 2003 incident, the second extended protection program did not cover the vehicle because it was over the seven-year age limit. As to the first extended warranty program, the magistrate found that appellee did not intend to extend the warranty program beyond the five-year time limit, or breach the program even if it extended to 2003.
 {¶ 8} On January 18, 2005, appellant filed objections to the magistrate's decision. Attached to the objections was the "affidavit" of appellant, purporting to set forth "[e]vents at the Hearing," including the testimony of various witnesses. By entry filed February 22, 2005, the trial court overruled appellant's objections to the magistrate's decision and dismissed appellant's case.
 {¶ 9} On appeal, appellant sets forth the following five assignments of error for review:
1. The magistrate decision and judgment were against the manifest weight of the evidence, an abuse of discretion, and inconsistent with established precedent, and thus constitutes a reversible error. The Judge erred in accepting the flawed decision.
2. The magistrate erred when he incorrectly prevented introduction of evidence about the failure of the engine, or the basis for his ruling is inconsistent with laws of the state of Ohio. The Judge erred in not correcting the magistrate's flawed ruling about the introduction of a pivotal piece of evidence.
3. The magistrate erred and abused his discretion in his finding about the 1998 warranty program when he determined that Ford left out the words "whichever is first" or similar language because of an oversight. The Judge erred in accepting the magistrate's fundamentally flawed finding and subsequent conclusions.
4. The magistrate erred in that his findings of facts did not correctly reflect the actual testimony and documented evidence with respect to the engine failure problem and the defendant's deceptive and unconscionable practices. The Judge erred in failing to correct the fundamentally flawed magistrate's findings of fact.
5. The Judge erred in not considering or excluding the plaintiff's affidavit that supported her Objections [to] the Magistrate's decision.
 {¶ 10} Appellant's five assignments of error are somewhat interrelated, and will be considered together. At the outset, we note that many of appellant's arguments in these assignments of error challenge factual determinations made by the magistrate. However, as indicated above, appellant did not file with the trial court a transcript of the proceedings before the magistrate. Rather, in her objections to the magistrate's decision, appellant attached a document she styled as "Hearing Events," in which appellant set forth her version of the evidence before the magistrate, accompanied by an "affidavit." The "affidavit," however, containing only appellant's signature, does not comply with the requirements for an affidavit. See R.C. 2319.02 ("[a]n affidavit is a written declaration under oath"); State ex rel. Ditmarsv. McSweeney (2002), 94 Ohio St.3d 472, 475 ("[a]n `affidavit' is a `voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths'").[1]
 {¶ 11} Pursuant to Civ. R. 53(E)(3)(c), "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The burden of providing the trial court with a transcript or appropriate affidavit is upon the objecting party, and in instances where the failure to provide relevant portions of the transcript or suitable alternative "`is clear on the face of the submissions, the trial court cannot then address the merits of that factual objection[.]'" Dale v. Ohio State Hwy. Patrol, Franklin App. No. 04AP-639, 2005-Ohio-3383, at ¶ 17, quoting Wade v. Wade (1996),113 Ohio App.3d 414, 418. Instead, "[w]here the required support for a party's objections is not provided, a trial court is required to accept the magistrate's findings of fact and may examine only the magistrate's legal conclusions based upon those facts." Dale, at ¶ 18.
 {¶ 12} When a transcript or suitable alternative is not provided, "an appellate court's review of an appellant's assignments of error is limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of fact." Id. Further, in such instances, even if an appellant subsequently files a transcript on appeal, a reviewing court is precluded from considering it. In re: K.X., Franklin App. No. 04AP-949, 2005-Ohio-3791, at ¶ 13 ("[w]hile appellant supplemented the record on appeal with that transcript, we are precluded from considering it when the trial court did not have the opportunity to review it before determining whether to adopt the magistrate's decision").
 {¶ 13} As noted above, appellant's complaint alleged that appellee manufactured an engine with a defective head gasket. In order to prevail on a products liability claim, a plaintiff must demonstrate that: "(1) there was a defect in the product manufactured and sold by the defendant; (2) the defect existed at the time the product left the defendant's control, and; (3) the defect was the direct and proximate cause of the plaintiff's injuries or losses." Nationwide Mut. Ins. Co.v. Icon Health Fitness, Inc., Franklin App. No. 04AP-855,2005-Ohio-2638, at ¶ 5.
 {¶ 14} In the present case, the magistrate noted that, although Davis presented testimony concerning knocking sounds and white smoke coming from the tailpipe of the vehicle, "[n]either Mr. Davis nor any other person ever disassembled the Windstar engine to inspect the alleged damage." The magistrate further found that Davis' "expertise in the nuclear power industry was not so great as to convince the magistrate that he was capable of accurately diagnosing a failed head gasket on this ambiguous evidence." Finally, the magistrate concluded that appellant's failure to produce "sufficient direct evidence of the location, nature and extent of physical damage to the internal parts of the engine" precluded a finding that "any head gasket failed or that the same one failed as was replaced in 1998."
 {¶ 15} Under her first assignment of error, appellant contends that the magistrate, in failing to conclude that the vehicle at issue had a defective head gasket, made "numerous errors" in the findings of fact. Appellant similarly contends, under the fourth assignment of error, that the magistrate's findings of fact with respect to testimony presented by appellant and her son regarding engine failure do not accurately reflect their testimony. However, because appellant has failed to provide a transcript of proceedings, she is precluded from challenging those factual findings. Dale, at ¶ 17.
 {¶ 16} As indicated above, the magistrate found significant the fact that neither appellant's expert, nor anyone else, had ever disassembled the engine to inspect it for head gasket damage. Further, the magistrate expressed doubts that appellant's expert's background in nuclear engineering qualified him to accurately diagnose a failed head gasket, and the magistrate thus gave little weight to this testimony, especially in light of the "ambiguous evidence" presented. Having reviewed the limited record available, we are unable to conclude that the trial court abused its discretion in applying the law to the facts and adopting the magistrate's determination that appellant failed to provide sufficient evidence of a defect.
 {¶ 17} Similarly, regarding the magistrate's factual findings as to the issue of whether appellant's vehicle was covered under the 1998 extended warranty, we cannot find that the trial court abused its discretion in adopting the magistrate's determination that appellee did not intend to extend the "98M01" protection program beyond five years. Moreover, in the absence of evidence of a defective engine, appellant cannot prevail on her claims that appellee breached express and/or implied warranties by failing to correct the alleged defect.
 {¶ 18} Appellant argues that the magistrate improperly prevented her from introducing evidence regarding failure of the engine. More specifically, appellant contends the magistrate erred in only accepting a repair estimate as a statement of repair costs, but not as proof of engine failure. However, absent a transcript of proceedings, any ruling by the magistrate regarding the admissibility of this exhibit is not part of the record in this case; accordingly, having nothing to pass on, this court has no alternative but to presume the regularity of the proceedings. Tucker v. Wal-Mart Stores, Inc. (Dec. 9, 1999), Cuyahoga App. No. 74267, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 19} Moreover, we find unpersuasive appellant's contention that Loc. R. 11.04 of the Franklin County Municipal Court, pertaining to "Small Claims Practice," mandated the admission of a repair bill as proof of "the existence of damage." Loc. R. 11.04 provides in part: "Substantive rules of evidence shall apply to the proceedings; however, the court may consider as evidence estimates, bills or other statements which purport to show monetary loss in issues relevant to proof of damages."
 {¶ 20} This court has previously interpreted this rule to require a trial court's "adherence to the substantive rules of evidence, including the rule that witnesses testify from personal knowledge, and the rule that hearsay evidence ordinarily is not admissible." Davis v. Warner
(Nov. 20, 1979), Franklin App. No. 79AP-226. Further, while this rule permits bills and other statements to be offered to show monetary loss as proof of damages, we do not construe the rule as providing such evidence admissible to establish, as argued by appellant, proof of a defect itself. Thus, even assuming that the record reflected the magistrate permitted the exhibit as a statement of repair costs, but prohibited its admission as proof of engine failure, we would find no error.
 {¶ 21} Finally, while appellant acknowledges that the "affidavit" submitted to the trial court with her statement of the proceedings did not comply with the requirements of R.C. 2319.04, she asserts that the trial court erred in failing to accept it. We disagree.
 {¶ 22} Appellant argues, without citation to authority, that, because R.C. 2319.04 is not specifically listed under R.C. 1925.16,[2] it should not be deemed applicable to a small claims action. However, as noted by appellee, courts have held that "[a]ll proceedings in the small claims division are subject, generally, to the procedures established for the trial of actions in municipal or county courts." Crumley v. Murphy
(1980), 68 Ohio App.2d 145 (finding applicable, in action in small claims division, "trial procedures outlined in R.C. Chapter 2315, and R.C. Chapter 2317 relating to the introduction of evidence, and R.C. 2317.30 which requires that all witnesses be sworn in before they testify"). See, also, Moore v. Santee (Feb. 5, 1996), Stark App. No. 1995 CA 00184; Ron Heath Plumbing v. Lavins (June 24, 1985), Logan App. No. 8-84-6. In the present case, we find that the trial court did not err in failing to accept appellant's unsworn witness statements in the absence of a proper supporting affidavit.
 {¶ 23} Based upon the foregoing, appellant's five assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.
[1] On appeal, appellant has attached what she identifies as a "statement of proceedings and oral testimony." The record, however, fails to show that appellant submitted that statement to the trial court for approval, as required by App. R. 9(C).
[2] R.C. 1925.16 provides: "Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, and Chapter 1901. and sections 2307.06 and 2307.07 of the Revised Code, and all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure, Chapter 1907., and sections 2307.06 and 2307.07 of the Revised Code."