[Cite as *Randall v. Eclextions Lofts Condo Assn.*, 2014-Ohio-1847.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jeffrey A. Randall,                :

       Plaintiff-Appellant,         :

                                       No. 13AP-708

v.                                   :         (M.C. No. 2012 CVI 040746)

Eclextions Lofts Condo Association,    :         (REGULAR CALENDAR)

       Defendant-Appellee.         :

D E C I S I O N

Rendered on May 1, 2014

*Jeffrey A. Randall*, pro se.

*Williams & Strohm, LLC, Nicholas R. Barnes*, and *Amy M. Milam*, for appellee.

APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Plaintiff-appellant, Jeffrey A. Randall, appeals from a judgment of the Franklin County Municipal Court in favor of defendant-appellee, Eclextions Lofts Condominium Association. For the following reasons, we affirm.

## I. BACKGROUND

{¶ 2} On September 15, 2009, appellee's Board of Directors sent a letter to property owners indicating that a special assessment was being levied and was to be received no later than October 15, 2009. Appellant purchased a condominium unit on September 23, 2009 and paid the $1,710 special assessment on October 8, 2009.

{¶ 3} On October 25, 2012, appellant filed a complaint alleging he was erroneously billed for the $1,710 assessment that he claims was levied on September 15, 2009, prior to his ownership of the property. The complaint demanded judgment against

appellee in the amount of $1,710, plus court costs. A magistrate rendered a decision on December 10, 2012 stating that appellant's case was dismissed with prejudice at appellant's cost. The magistrate's decision was adopted by the trial court on the same day. Also on December 10, 2012, appellant filed a request for findings of fact and conclusions of law, which the magistrate completed and filed on January 29, 2013.

{¶ 4} According to the magistrate's findings and conclusions, appellant argued he should not have been required to pay the $1,710 special assessment because did not own the property on September 15, 2009, the date the assessment was made. In her findings of fact, the magistrate determined appellant purchased the condominium on September 23, 2009, and the $1,710 assessment was "due and owing on October 15, 2009." In her conclusions of law, the magistrate determined appellant failed to prove by a preponderance of the evidence a right to recover against appellee. In reaching her conclusion, the magistrate found that appellant was the property owner at the time the assessment was due, i.e., October 15, 2009, and, therefore, he was not erroneously billed for the assessment. The magistrate also found that appellant purchased the property subject to appellee's declarations and bylaws and that, under the declarations and bylaws, any delinquent assessments, fees, and costs were unaffected by reason of property transfer.

{¶ 5} Appellant filed objections to the magistrate's decision, arguing October 15, 2009 was a "due by" date and not a "due date" as found by the magistrate. After consideration, the trial court overruled appellant's objections to the magistrate's decision.

## II. ASSIGNMENT OF ERROR

{¶ 6} This appeal followed, and appellant brings the following assignment of error for our review:

> The court below abused its discretion in finding that there was a not a preponderance of clear, convincing, and persuasive evidence of Randall's right to recover against the Eclextion Lofts Condominium Association.

## III. DISCUSSION

{¶ 7} In accordance with Civ.R. 53, the trial court reviews a magistrate's decision de novo. *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-

2774, ¶ 15.  In reviewing objections to a magistrate's decision, the trial court must make an independent review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).  An appellate court, by contrast, applies an abuse-of-discretion standard when reviewing a trial court's adoption of a magistrate's decision.  *Id.* at ¶ 15.  An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  Claims of error by the trial court must be based on the trial court's actions, rather than on the magistrate's findings.  *Mayle* at ¶ 15. Therefore, we may reverse the trial court's adoption of the magistrate's decision only if the trial court acted unreasonably, arbitrarily or unconscionably.  *Id.*

{¶ 8}  We first note that a transcript of the proceedings has not been submitted. The absence of a transcript or affidavit of evidence restricts the scope of review at both the trial court and appellate levels, as Civ.R. 53(E) requires a party to support objections to a magistrate's findings of fact with a transcript.  A transcript is not required, however, to support objections to conclusions of law.  *Dale v. Ohio State Hwy. Patrol*, 10th Dist. No. 04AP-639, 2005-Ohio-3383, ¶ 18 (where support for objections is not provided, a trial court is required to accept the magistrate's findings of fact and may examine only the magistrate's legal conclusions based upon those facts).  As this court has stated, "where a party files objections to a magistrate's decision in the trial court, but does not support those objections with a transcript or affidavit, that party is precluded from arguing on appeal that the trial court erred in its factual determinations."  *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977, ¶ 14, citing *Baddour v. Rehab. Servs. Comm.*, 10th Dist. No. 04AP-1090, 2005-Ohio-5698, ¶ 28; *Schofield v. Benton*, 10th Dist. No. 92AP-161 (Aug. 20, 1992).  "In such circumstances, an appellate court's review of an appellant's assignments of error is limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of fact."  *Dale* at ¶ 18.

{¶ 9}  Under Article XV, Section 5(f) of appellee's declarations and bylaws, every assessment "together with interest, fees and costs, shall also be the joint and several personal obligation of the Unit Owners who owned the Unit at the time when the assessment fell due."  Said provision further provides that though a delinquent

assessment shall not be the personal obligation of the owner's successor in title, "the right of the Association to obtain a lien against that Unit, or to foreclose any lien thereon for these delinquent assessments, interest, fees and costs shall not be impaired or abridged by reason of the transfer, but shall continue unaffected thereby."

{¶ 10} After consideration of the evidence presented, the magistrate made a factual determination that appellant was a unit owner on October 15, 2009. The magistrate also determined the $1,710 assessment was due on October 15, 2009. Thus, in accordance with the declarations and bylaws, because appellant was the unit owner at the time the assessment fell due, the magistrate found appellant was responsible for the $1,710 assessment. Based on the magistrate's factual findings, the trial court entered judgment in favor of appellee.

{¶ 11} In this case, the magistrate's factual determinations that the assessment was due on October 15, 2009 and that appellant was the unit owner on said date is considered established. *Dale*; *Gill*; *Carskadon v. Avakian*, 5th Dist. No. 11CAG020018, 2011-Ohio-4423; *Hagans v. Habitat Condo. Owners Assn.*, 166 Ohio App.3d 508 (2d Dist.2006). Further, as set forth previously, our review is limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of fact.

{¶ 12} Here, the declarations and bylaws provide that property owners who own a unit at the time an assessment falls due are jointly and severally liable for said assessment. It has been established in this case that the $1,710 assessment fell due on October 15, 2009 and that appellant was the property owner on this date. Accordingly, we conclude the trial court did not abuse its discretion in applying the law to the magistrate's factual findings and determining appellant was liable for payment of the assessment.

{¶ 13} Accordingly, appellant's assignment of error is overruled.

## IV. CONCLUSION

{¶ 14} Having overruled appellant's asserted assignment of error, the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

_____