[Cite as *In re Estate of Schwarzbach*, 2025-Ohio-4925.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Estate of: | : | |
| | | No. 24AP-753 |
| Franz Schwarzbach, | : | (Prob. No. 620906) |
| [Danielle Taylor, | : | (REGULAR CALENDAR) |
| Appellant]. | : | |

D E C I S I O N

Rendered on October 28, 2025

**On brief:** *Jeckering & Associates*, *LLC, Bradley N. Jeckering*, and *Kristie A. Campbell*, for appellant. **Argued:** *Bradley N. Jeckering*.

**On brief:** *J. Douglas Stewart*, for appellee. **Argued:** *J. Douglas Stewart*.

APPEAL from the Franklin County Probate Court

BOGGS, J.

{¶ 1} Appellant, Danielle Taylor, appeals the judgment entry of the Franklin County Probate Court adopting the magistrate's decision which denied Taylor's motions to remove Maria A. Readnour as executor of the estate of the deceased, Franz Schwarzbach, and to vacate probate proceedings. For the following reasons, we reverse the trial court's judgment and remand to the trial court for further proceedings.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} This case concerns the estate of Franz Schwarzbach, who died on August 17, 2022. On November 22, 2022, Maria A. (Schwarzbach) Readnour, Schwarzbach's daughter, filed an application to administer the estate of Franz Schwarzbach, an application to admit a lost will to probate, and a list of the decedent's known surviving children with the Franklin County Probate Court. Readnour named herself, Thomas J. Schwarzbach, and Franz J. Schwarzbach, III (deceased) as Schwarzbach's only known children. Readnour

also filed a copy of a last will and testament that was signed by the decedent and dated January 12, 2012 ("January 12, 2012 will"). Readnour filed an affidavit in which she stated her belief that the January 12, 2012 will memorialized the last wishes of her father, and that she had no knowledge that the January 12, 2012 will was revoked. In her affidavit, Readnour also surmised that the original signed copy of her father's January 12, 2012 will was stolen, along with some of his personal belongings, by her father's girlfriend. The trial court admitted the January 12, 2012 will to probate and issued letters of authority appointing Readnour as executor of the decedent's estate.

{¶ 3} On May 8, 2023, Danielle Taylor filed a motion to remove Readnour as executor of the estate, and on May 9, 2023, Taylor filed a motion to vacate probate proceedings. In an affidavit, Taylor claimed that she is the biological daughter of the decedent and the half-sibling of Thomas Schwarzbach and Maria Readnour. (Taylor Aff. at 1.) Taylor stated that she did not receive notice of her father's passing until four months afterward, and that her half-siblings kept her "in the dark" about her father's passing. (Taylor Aff. at 2.) She also attested that prior to his death, the decedent had told her he was not happy with the way his other two children were treating him and that he was creating a new will.

{¶ 4} On August 26, 2024, a magistrate issued a decision denying Taylor's motion to remove Readnour as executor. The magistrate found that the removal of Readnour was not warranted and rejected Taylor's argument that because Taylor filed a will contest against Readnour, Readnour should no longer be executor. The magistrate noted that Taylor did not establish that she is the decedent's daughter within the statutory time period under R.C. 3111.04, nor did Taylor produce another will superseding the January 12, 2012 will. Therefore, the magistrate concluded that Taylor lacked standing to seek Readnour's removal because she is not next of kin or a beneficiary of the decedent. The magistrate also rejected Taylor's argument that R.C. 3111.04 and 3111.05 violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by providing differential treatment of children born in and out of wedlock.

{¶ 5} On August 29, 2024, the magistrate issued a decision denying Taylor's motion to vacate probate proceedings. The magistrate rejected Taylor's argument that the probate proceedings should be vacated because Readnour did not list Taylor as a next of

kin and failed to give Taylor notice of the probate proceedings. The magistrate noted that to be considered next of kin to Schwarzbach, Taylor would have had to bring a parentage action under R.C. 3111.04 to determine the father-child relationship. The magistrate noted that Taylor is time-barred from doing so now, as she was required under R.C. 3111.05 to bring the action no later than 1992, five years after she reached the age of 18. The magistrate again rejected Taylor's arguments that the Revised Code's differential treatment of children born in and out of wedlock violates the Equal Protection Clause.

{¶ 6} On October 11, 2024, Taylor filed her objections to the magistrate's August 26 and 29, 2024 decisions. Taylor argued in her objections that the magistrate failed to appropriately apply the law and continued to argue that, contrary to the magistrate's decision, R.C. 3111.04 and 3111.05 violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Taylor specifically argued that

> [R.C.] 3111.04 impermissibly discriminates against illegitimate children in its law governing intestate succession, whereby illegitimate children are allowed to inherit from their mother, and only allowed to inherit from their father if certain affirmative actions were taken prior to the father's death, while legitimate children are allowed to inherit from both their mother's and father's estates.

(Oct. 11, 2024 Pl. Danielle Taylor's Combined Objs. to the Mag.'s Aug. 26, 2024 & Aug. 29, 2024 Decisions at 3-4.)

{¶ 7} On November 22, 2024, the trial court issued a judgment entry overruling Taylor's objections and adopting the magistrate's August 26 and 29, 2024 decisions. The trial court did not directly address Taylor's objections, but rather cited Taylor's failure to file a transcript pursuant to Civ.R. 53(D)(3)(b)(iii). The trial court stated:

> When a party fails to file a transcript, the trial court must presume the validity of the factual findings absent further hearings and may only review for errors in applying the relevant law to the facts of the case. *Kormanik v. Haley*, 10th Dist. Franklin No. 12AP-18, 2012-Ohio-5975, ¶ 12. In the matter at hand, Danielle Taylor's primary objection is that the facts presented were not appropriately considered, but she has failed to provide a transcript of the hearing. Without a transcript, the court must accept the magistrate's findings as correct. Upon thorough review of the case file and careful

consideration of all arguments presented, the court finds the objections to be without merit.

(Nov. 22, 2024 Jgmt. Entry Overruling Objs. & Adopting Mag.'s Decision.)

{¶ 8}    Taylor now appeals the trial court's November 22, 2024 judgment entry.

## II. ASSIGNMENTS OF ERROR

{¶ 9}    Taylor argues the following assignments of error:

> [1.] The trial court committed plain error in overruling appellant's objections.
>
> [2.] The trial court erred in failing to find that R.C. 3111.04 and R.C. 3111.05 violate the equal protection clause of the United States Constitution.

(Cleaned up.)

## III.  ANALYSIS

{¶ 10}  In her first assignment of error, Taylor argues that the trial court committed plain error by dismissing her objections to the magistrate's decision for failure to file a transcript when one was not required.

{¶ 11}  The Ohio Civil Rules permit a party to file written objections to a magistrate's decision within 14 days of the filing of the decision.  Civ.R. 53(D)(3)(b)(i).  Pursuant to Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."  If one or more objections to a magistrate's decision are timely filed, the trial court is obligated to independently review the objections to "ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).

{¶ 12}  When an objecting party fails to support objections to a magistrate's factual findings, as required by Civ.R. 53(D)(3)(b)(iii), " 'the trial court may properly adopt [the] magistrate's factual findings without any further consideration.' "  *Black v. Columbus Sports Network, L.L.C.,* 2014-Ohio-3607, ¶ 16 (10th Dist.), quoting *Estate of Stepien v. Robinson*, 2013-Ohio-4306, ¶ 28 (11th Dist.), citing *Lincoln S. & L. Assn. v. Damron*, 2003-Ohio-2596, ¶ 23 (4th Dist.).  The trial court may then "examine only the magistrate's legal

conclusions based upon those facts." *Dale v. Ohio State Hwy. Patrol*, 2005-Ohio-3383, ¶ 18 (10th Dist.).

{¶ 13} An objecting party's failure to file a transcript restricts the scope of review not only by the trial court, but also on appeal. *Black* at ¶ 15. " '[W]here a party files objections to a magistrate's decision in the trial court, but does not support those objections with a transcript . . ., that party is precluded from arguing on appeal that the trial court erred in its factual determinations.' " *Id.*, quoting *Gill v. Grafton Corr. Inst.*, 2010-Ohio-2977, ¶ 14 (10th Dist.). In such circumstances, an appellate court's review is limited to determining "whether the trial court abused its discretion in applying the law to the magistrate's findings of fact." *Dale* at ¶ 18.

{¶ 14} In her objections to the magistrate's decision, Taylor stated that "the Magistrate failed to properly consider all factual issues and, therefore, failed to appropriately apply the law." (Oct. 11, 2024 Objs. at 3.) However, our examination of Taylor's objections to the magistrate's decision reveals objections centered on a question of *law*. Namely, she argues that the magistrate erred by finding that R.C. 3111.04 did not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Taylor argued that the magistrate's decision interpreted R.C. 3111.04 in such a way that it "impermissibly discriminates against illegitimate children in its law governing intestate succession, whereby illegitimate children are allowed to inherit from their mother, and only allowed to inherit from their father if certain affirmative actions were taken prior to the father's death, while legitimate children are allowed to inherit from both their mother's and father's estates." (Oct. 11, 2024 Objs. at 3-4.) Further, Taylor specifically stated that the "Magistrate erred [in] citing the old justifications for upholding the constitutionality of Ohio's intestacy framework." (Oct. 11, 2024 Objs. at 5.)

{¶ 15} Taylor's objections do not deal with questions of fact wherein she would be required to file a transcript under Civ.R. 53(D)(3)(b)(iii), but rather a question of law. Nowhere in her objections to the magistrate's decision does Taylor identify an objection to the magistrate's findings of fact. Civ.R. 53(D)(3)(b)(iii) states that

> [a]n objection to a *factual finding*, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), *shall be supported by a transcript* of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

(Emphasis added.)

{¶ 16} Civ.R. 53(D)(3)(b)(iii) does not contain a similar requirement for the filing of a transcript if there is an objection to a finding of law. We therefore conclude it was improper for the trial court to dismiss Taylor's objections on questions of law for failure to file a transcript, and we sustain Taylor's first assignment of error. Taylor did not need to provide a transcript for the trial court to review and decide her Equal Protection Clause arguments concerning R.C. 3111.04 and 3111.05. Having sustained Taylor's first assignment of error, we now reverse and remand to the trial court to address her objections concerning the constitutionality of R.C. 3111.04 and 3111.05 and Taylor's Equal Protection Clause arguments.

{¶ 17} Taylor's second assignment of error concerns her constitutional Equal Protection Clause arguments. Having concluded that the trial court improperly dismissed Taylor's objections to the magistrate's decisions without addressing these arguments and having now remanded to the trial court to now consider those arguments, Taylor's remaining second assignment of error is moot. This court has found that "[g]enerally, when the [trial] court fails to address an argument, this court will remand the matter for the [trial] court to make the determination in the first instance." *Freeman v. Ohio Elections Comm.,* 2024-Ohio-1223, ¶ 48 (10th Dist.), citing *State ex rel. Ewart v. State Teachers Retirement Sys. Bd. of Ohio,* 2019-Ohio-2459, ¶ 53 (10th Dist.). We therefore decline to address Taylor's second assignment of error.

## IV. CONCLUSION

{¶ 18} Having sustained Taylor's first assignment of error, rendering her second assignment of error moot, we reverse the judgment of the Franklin County Probate Court and remand the matter to that court for further proceedings consistent with the law and this decision.

*Judgment reversed;*
*cause remanded.*

JAMISON, P.J., and DINGUS, J., concur.

———————————