[Cite as *State v. Johnson*, 2013-Ohio-4990.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-549 |
| v. | : | (C.P.C. No. 99CR-3780) |
| Stuart L. Johnson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

# D E C I S I O N

**Rendered on November 12, 2013**

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the petition to contest reclassification of defendant-appellee, Stuart L. Johnson. The state assigns a single error:

> THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF THAT REINSTATED PETITIONER AS A SEXUALLY ORIENTED OFFENDER WHEN THE RECORD DEMONSTRATED THAT PETITIONER WAS A SEXUAL PREDATOR.

Because the language in the trial court's judgment entry conflicts with pertinent law, we reverse and remand with instructions.

## I. Facts and Procedural History

{¶ 2}    On December 13, 1999, defendant was convicted pursuant to a guilty plea of rape, a felony of the first degree.  The court, on February 4, 2000, filed a judgment entry reflecting that the court conducted a sentencing hearing and classified defendant as a sexual predator pursuant to former R.C. Chapter 2950 ("Megan's Law").  *See* 1996 Am.Sub.H.B. No. 180, amended by 2003 Am.Sub.S.B. No. 5.

{¶ 3} On February 25, 2008, defendant filed a petition contesting his reclassification under 2007 Am.Sub.S.B. No. 10, otherwise known as the Adam Walsh Act ("AWA").  The state filed a memorandum opposing the petition.  The trial court, on April 9, 2008, filed an entry staying the proceedings while awaiting a determination from other courts on the constitutional issues raised by the petition.

{¶ 4}    In light of the Supreme Court of Ohio's decisions in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, and *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the trial court, on May 29, 2013, filed an entry granting the petition.  In its judgment entry, the court vacated defendant's reclassification under the AWA and reinstated "the classification of sexually oriented offender and registration orders previously in existence." (R. 95.)

## II. Assignment of Error

{¶ 5} Although both parties agree the trial court correctly vacated the reclassification of defendant under the AWA, the state asserts the trial court erred by incorrectly reinstating defendant's classification as a sexually oriented offender instead of a sexual predator.

{¶ 6}    Defendant contends the plain error standard of review applies in this instance because the state did not object to the alleged error in the judgment entry prior to filing an appeal. However, the record does not reflect the state had an opportunity to object prior to the issuance of the judgment entry. Although the state could have filed a motion for relief from judgment under Civ.R. 60, it was under no obligation to do so. As a result, we decline to apply plain error review. *In re I.M.*, 2d Dist. No. 2012 CA 20, 2012-Ohio-3847, ¶ 24 (refusing to apply plain error analysis where no opportunity presented to object).

{¶ 7}   A court speaks only through its journal entries. *Economy Fire & Cas. Co. v. Craft Gen. Contrs., Inc.*, 7 Ohio App.3d 335, 336 (10th Dist.1982). Here, the May 29, 2013 judgment entry does not reflect defendant's classification as a sexual predator, but instead states that, prior to his reclassification under the AWA, defendant "was classified as a sexually oriented offender." (R. 95.)  This directly conflicts with the court's February 4, 2000 entry declaring "[d]efendant to be a sexual predator under Section 2950.03 of the Ohio Revised Code."  (R. 52.)  Pursuant to *Williams*, even though the requirements of the AWA do not apply to defendant, he remains bound by the requirements that apply to him through his original classification under Megan's Law. *Id.* at ¶ 23. Additionally, the entry is contrary to law since, as defendant notes, no statutory authority exists to support the alteration of a classification as a sexual predator in this instance. *See* former R.C. 2950.09(D)(2) and (F); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 20 (noting classification as a sexual predator under Megan's Law is permanent except in limited circumstances).

{¶ 8}   By incorrectly stating the classification underlying defendant's ongoing registration orders, the trial court erred as a matter of law.  *See Snyder v. State*, 10th Dist. No. 11AP-1026, 2012-Ohio-2529, ¶ 13; *King v. State*, 10th Dist. No. 11AP-1021, 2012-Ohio-2783, ¶ 8. The state's assignment of error is sustained.

## III. Disposition

{¶ 9}   Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas to the limited extent of remanding this matter to allow the court in its judgment entry to reconcile the classification of defendant with his original classification as a sexual predator under Megan's Law.

*Judgment reversed and*
*cause remanded with instructions.*

BROWN and O'GRADY, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate
District, assigned to active duty under authority of the Ohio
Constitution, Article IV, Section 6(C).