[Cite as *Forth v. Stidham*, 2014-Ohio-1956.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

DON FORTH,                        :        APPEAL NO. C-130280
                                           TRIAL NO. 13CV-02130
    Plaintiff-Appellant,        :
                                           *O P I N I O N.*
vs.                               :

TONI STIDHAM,                     :

    and                         :

CRYSTAL GARY,                     :

    Defendants-Appellees.       :


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 9, 2014


*Don Forth*, pro se*.*

*Toni Stidham* and *Crystal Gary*, pro se.


Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}    Plaintiff-appellant Don Forth filed a complaint alleging that defendants-appellees Toni Stidham and Crystal Gary were responsible for reimbursing him for property damage that he claimed had been caused by their children.  The matter was heard by a magistrate, who ruled in favor of Stidham and Gary.  Forth asked for findings of fact and conclusions of law on February 27, 2013.  On the same day, he ordered a transcript of the hearing.  The magistrate filed a decision that included findings of fact and conclusions of law on March 12.  On March 26, Forth filed objections to the decision of the magistrate.  On April 9, before the transcript could be completed and filed, the trial court overruled Forth's objections.  On April 16, Forth filed a motion to reconsider the decision along with the transcript of the hearing before the magistrate.  On May 24, the trial court denied the motion.

{¶2}    In five assignments of error, Forth claims that the trial court erred in overruling his objections and adopting the decision of the magistrate.  Since the fourth assignment of error is dispositive, we will address that issue first.

{¶3}    In his fourth assignment of error, Forth claims that the trial court erred when it overruled his objections prior to receiving and reviewing the transcript of the hearing before the magistrate.  We agree.  Civ.R. 53(D)(3)(b)(iii) states that "[t]he objecting party shall file the transcript * * * with the court within thirty days after filing objections * * * ."  Forth filed his objections on March 26, therefore, the transcripts were due to be filed by April 25.  Since the transcripts were filed on April 16, they were filed well within the timeframe set forth in the rule.

{¶4}    Several courts have concluded that where a party has objections based on factual arguments and has timely ordered a transcript of the hearing, a trial court must review a timely-filed transcript before ruling on those objections. *Gruger v. Diversified Air Sys.*, 7th Dist. Mahoning No. 05-MA-103, 2006-Ohio-3568, ¶ 22, citing *Weitzel v. Way*, 9th Dist. Summit No. 21539, 2003-Ohio-6822.  In a factually similar case, the Fifth Appellate District found that it was error for a trial court to rule on fact-based objections before the objecting party had an opportunity to file the transcript. *TRE Properties v. Means*, 5th Dist. Stark No. 2012CA00224, 2013-Ohio-2588.

{¶5}    In his objections, Forth claimed that the magistrate improperly determined that there "was no evidence that children contributed to deteriorating concrete holes in the driveway," that the magistrate improperly failed to consider "the facts of trespassing and damage to grass," and that the magistrate failed to properly consider other evidence, concluding that "there was credible evidence proving that the parents should be held responsible."  We conclude that these objections are fact-based, and that the trial court was required to consider the transcript of the hearing before the magistrate before ruling on them.

{¶6}    When considering Forth's "motion for reconsideration," the trial court stated that it had not reviewed the transcript because it was filed on April 16, which it stated was "well beyond the period provided for by Civ.R. 53 for proper consideration."  Since the transcript had been timely requested was not due until April 25, the trial court's determination was incorrect and it erred when it overruled Forth's fact-based objections without having considered the transcript.  For this reason, we sustain Forth's fourth assignment of error.

3

{¶7}     In his first assignment of error, Forth claims that the magistrate should have considered certain exhibits he proffered.  In his second assignment of error, he claims that he presented sufficient evidence that the children of Stidham and Gary caused damage to his property for which Stidham and Gary should be held responsible.  In his third assignment of error, Forth claims that the magistrate failed to properly apply the parental liability statute, R.C. 3109.09, to the facts in this case.  In his fifth assignment of error, Forth claims that the trial court should have considered a DVD that had been seen by the magistrate, but not placed into evidence.  In light of our resolution of the fourth assignment of error, Forth's remaining assignments of error are not ripe for review on the merits. We therefore decline to address them.

{¶8}     We reverse the judgment of the trial court, and remand this cause to the trial court to consider Forth's objections after a review of the transcript filed on April 16, 2013.

Judgment reversed and cause remanded.

**FISCHER,** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.