[Cite as *State ex rel. Atty. Gen. v. Inland Prods., Inc.*, 2014-Ohio-3341.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel.                                          :
Attorney General of Ohio,
                                                              :
        Plaintiff-Appellee,                                            No. 14AP-69
                                                              :        (C.P.C. No. 07CVH-08-10829)
v.
                                                              :        (REGULAR CALENDAR)
Inland Products, Inc.,
                                                              :
        Defendant-Appellant.
                                                              :


D E C I S I O N

Rendered on July 31, 2014


*Michael DeWine*, Attorney General, *Aaron S. Farmer*, and *Clint R. White*, for appellee.

*Denmead Law Office*, and *Craig Denmead*, for appellant.


APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Inland Products, Inc., appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, the State of Ohio, by and through the Attorney General of Ohio. For the following reasons, we reverse and remand for further proceedings.

I. BACKGROUND

{¶ 2} On August 14, 2007, appellee filed a complaint alleging that appellant improperly managed waste and storm water associated with rendering operations at its former south Columbus location. More particularly, appellee alleged that appellant failed

to obtain a permit to install for the construction of a swale and/or pit, violated its general National Pollutant Elimination System permit, and allowed unpermitted discharge of pollutants, all in violation R.C. Chapter 6111. Appellee sought injunctive relief and civil penalties.

{¶ 3} The matter was referred to a magistrate, who conducted a jury-waived trial on January 19 and 20, 2010. Pursuant to the magistrate's post-trial order, the parties filed post-trial briefs and proposed findings of fact and conclusions of law. Thereafter, on June 28, 2010, the magistrate issued a decision, including findings of fact and conclusions of law, that (1) permanently enjoined appellant from violating R.C. Chapter 6111, any rules or orders promulgated thereunder, and the terms and conditions of any permits or plan approvals issued to appellant by the director of the Ohio Environmental Protection Agency, (2) ordered appellant to pay a civil penalty of $100,000, and (3) ordered appellant to pay the costs of the action pursuant to Civ.R. 54(D).

{¶ 4} On July 12, 2010, both parties filed objections to the magistrate's decision. On the same day, appellant filed a praecipe to the court reporter ordering preparation of the trial transcript. On August 11, 2010, appellant filed a motion requesting additional time to submit the transcript, having been advised that the court reporter would be unable to prepare the transcript and submit it by the due date of August 11, 2010. By entry filed August 17, 2010, the trial court granted appellant's motion and ordered that appellant file the transcript by August 25, 2010. Appellant filed the transcript on August 23, 2010.

{¶ 5} On October 22, 2010, the trial court filed a decision and entry, finding that although appellant had been granted an extension of time until August 25, 2010 to file a transcript, it had not done so. Accordingly, the court accepted the magistrate's factual findings, reviewed the magistrate's legal conclusions, and, finding no errors in those legal conclusions, overruled the parties' objections and adopted the magistrate's decision.

{¶ 6} In an agreed entry filed November 9, 2010, the trial court vacated its October 22, 2010 decision and entry and reinstated the case. The entry referenced a "joint written motion of all the parties" and the parties' "written Memorandum in support with accompanying exhibits" as the basis for its action. Those documents are not part of the record and thus are unreviewable.

{¶ 7}   Although it is not entirely clear what transpired after November 9, 2010, it appears that the parties attempted to resolve the matter themselves during the next three years.   Following a status conference on November 22, 2013, the trial court issued an amended case schedule ordering appellee to provide the court written notice of the status of the parties' settlement efforts.   The court averred that should settlement negotiations prove unsuccessful, "the Court will proceed to the merits of reviewing the parties' respective Trial Briefs and Objections to the Magistrate's June 28, 2010 Decision."   On December 27, 2013, the parties filed a joint notice indicating that settlement efforts had been exhausted and that they were unable to reach an agreement.

{¶ 8}   On December 30, 2013, the trial court issued a "Decision and Entry Reinstating Adoption of Magistrate's Decision."   Therein, the court stated that following the parties' notification of failed settlement efforts, it "proceeded to reviewing the merits of the parties' respective Briefs and Objections to the Magistrate's June 28, 2010 Decision."  The court further stated:

> Upon review, following an independent review of the record, the Court finds no errors of law in the Magistrate's June 28, 2010 decision. Therefore, Plaintiff's and Defendant's Objections to that decision are overruled.  The Court hereby reinstates its October 22, 2010 adoption of the Magistrate's conclusions of law and Decision as its own, as if fully rewritten herein. Civ.[R.] 53(D).

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   This appeal followed, and appellant raises the following two assignments of error for our review:

> [I.] The trial court committed prejudicial and reversible error as a matter of law when it failed to rule upon, or implicitly overruled, appellant's objections to the magistrate's decision that addressed issues of fact, or combined issues of fact and law, because as to those facts the manifest weight of the evidence was clearly in favor of appellant meaning that the trial court should have ruled in favor of appellant on those objections, if it had so ruled.

> [II.] The trial court committed prejudicial and reversible error as a matter of law when it summarily overruled appellant's objections that addressed issues of law.

## III. DISCUSSION

{¶ 10} Before considering the merits of the assignments of error, we must address the procedural posture of this case.  Civ.R. 53 governs proceedings before a magistrate, including objections to a magistrate's decision.  Civ.R. 53(D)(3)(b)(iii) provides, in pertinent part, that objections to the magistrate's factual findings "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to [those findings]" and that "[t]he objecting party shall file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript."

{¶ 11} Appellant's July 12, 2010 objections indisputably included objections to the magistrate's factual findings.  Accordingly, appellant was required, pursuant to Civ.R. 53(D)(3)(b)(iii), to file a transcript by August 11, 2010.  The trial court granted appellant an extension until August 25, 2010 to file the transcript.  Appellant filed the transcript on August 23, 2010, well within the time frame set forth by the court.

{¶ 12} In its October 22, 2010 decision and entry, the trial court determined that appellant had failed to file a transcript.  Citing Civ.R. 53(D)(3)(b)(iii) and applicable case law construing that rule, the trial court accepted the magistrate's factual findings and reviewed only the magistrate's legal conclusions.

{¶ 13} In its December 30, 2013 decision and entry, the trial court expressly stated that it reviewed "the merits of the parties' respective Briefs and Objections to the Magistrate's June 28, 2010 Decision," that "following independent review of the record," it found "no errors of law in the Magistrate's June 28, 2010 decision" and that it "reinstates its October 22, 2010 adoption of the Magistrate's conclusions of law and Decision as its own, as if fully rewritten herein."

{¶ 14} Civ.R. 53(D)(4)(d) provides that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections."  "In reviewing objections to a magistrate's decision, the trial court must make an independent review of the matters objected to in order 'to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law.' " *Randall v. Eclextions Lofts Condo Assn.*, 10th Dist. No. 13AP-708, 2014-Ohio-1847, ¶ 7, quoting Civ.R. 53(D)(4)(d).  When a party files objections to a magistrate's factual findings, a trial

court must review a timely filed transcript before ruling on those objections. *Forth v. Stidham*, 1st Dist. No. C-130280, 2014-Ohio-1956, ¶ 4, citing *Gruger v. Diversified Air Sys.*, 7th Dist. No. 05-MA-103, 2006-Ohio-3568, ¶ 22, citing *Weitzel v. Way*, 9th Dist. No. 21539, 2003-Ohio-6822.

{¶ 15} There is no explicit indication in the December 30, 2013 decision and entry that the trial court reviewed the timely filed transcript. The court's omission of any express reference to reviewing the transcript, along with its specific references to reviewing the parties' briefs and objections, finding no errors of law in the magistrate's decision, reinstating a decision and entry which expressly stated that no transcript had been filed, and adopting the magistrate's conclusions of law, refute appellee's suggestion that the court's general reference to an "independent review of the record" included review of the transcript.

{¶ 16} Although a cursory review of the record by the trial court would have demonstrated that the transcript had timely been filed, leading to the presumption that the trial court reviewed that transcript, " '[a] court of record speaks only through its journal entries.' " *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 34, quoting *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan*, 100 Ohio St.3d 366, 2003-Ohio-6608, ¶ 20; *State v. Johnson*, 10th Dist. No. 13AP-549, 2013-Ohio-4990, ¶ 7. " 'Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided.' " *Qualls* at ¶ 34, quoting *Indus. Comm. v. Musselli*, 102 Ohio St. 10, 15 (1921). Due to the uncertainty as to whether the trial court reviewed the transcript, given its omission of any express reference to reviewing the transcript, its omission of any reference to factual findings, and its express reinstatement of a decision and entry which expressly stated that no transcript had been filed, it would be inappropriate at this juncture for this court to consider the merits of the appeal. "It is axiomatic that an appellate court may not review evidence that was not considered by the trial court, and then decide an appeal on that basis." *Shull v. Shull*, 135 Ohio App.3d 708, 711 (3d Dist.1999).

{¶ 17} In light of the foregoing, appellant's assignments of error are not ripe for review on the merits. We, therefore, decline to address them.

**IV. CONCLUSION**

{¶ 18} For the foregoing reasons, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court to consider appellant's objections to the magistrate's factual findings after reviewing the transcript and then rule on those objections.

*Judgment reversed;*
*cause remanded with instructions.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____