[Cite as *Ware v. Dept. of Rehab. & Corr.*, 2018-Ohio-4512.]

| | |
|---|---|
| KIMANI WARE | Case No. 2017-00545JD |
| Plaintiff | Judge Patrick M. McGrath |
| v. | Magistrate Gary Peterson |
| | |
| OHIO DEPARTMENT OF | JUDGMENT ENTRY |
| REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} In the present case, the court previously found defendant liable on summary judgment but found the nature and extent of plaintiff's injury, suffered when a corrections officer accidently shot plaintiff with a pepper ball, remained in dispute. On July 16, 2018, the magistrate issued a decision on damages recommending judgment for plaintiff in the amount of $2,025, representing $2,000 in damages plus the $25 filing fee. Plaintiff filed objections to the magistrate's decision on July 25, 2018. Initially, the court GRANTS defendant's August 6, 2018 motion for leave to file a response to plaintiff's objections.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Objections to factual findings must be supported by a transcript or, where a transcript is unavailable, with an affidavit of evidence. Civ.R. 53(D)(3)(b)(iii). As to the trial court's duty when considering objections, Civ.R. 53(D)(4)(d) provides, in pertinent part:

> **Action on objections.** If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court <u>shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law</u>. (Emphasis added).

Further, in the absence of a transcript or affidavit, the court can only review the magistrate's legal conclusions and must accept the magistrate's factual findings. *Id.; State ex rel. AG of Ohio v. Inland Prods.,* 10th Dist. No. 14AP-69, 2014-Ohio-3341, 2014 Ohio App. Lexis 3270, ¶ 11; *Gill v. Grafton Corr. Inst.,* 10th Dist. No. 10AP-1094, 2011-Ohio-4251, 2011 Ohio App. Lexis 3562, ¶ 21. The extent and amount of damages is a factual issue. *Arbino v. Johnson & Johnson*, 115 Ohio St.3d 468, 2007-Ohio-6948, ¶ 34; *Industrial Fabricators, Inc.* v. *Nat. Cash Register Corp.,* 10th Dist. No. 81AP-585, 1982 Ohio App. Lexis 15432 at *11 (May 18, 1982).

{¶3} Here, plaintiff has asserted two objections, both targeted at the amount of the magistrate's damage award. As plaintiff failed to file a transcript, the court must accept the magistrate's factual findings including the amount of any damage award. The court finds that both of plaintiff's objections could be properly overruled on this basis alone.

{¶4} Further, in addition to failing to file a transcript, plaintiff does not object to any of the factual findings of the magistrate relative to the manifestation of plaintiff's injury or the treatment provided for his injury. The court has reviewed the magistrate's decision in its entirety and finds, based on the facts set forth therein, that the amount of the magistrate's damage award is reasonable and appropriate under the circumstances. The magistrate properly determined that plaintiff suffered a temporary, minor soft-tissue injury and that plaintiff failed to present expert testimony or other evidence establishing any chronic or long-term injury. Finally, the magistrate also properly determined that plaintiff was not entitled to lost wages.

{¶5} Given the above, the court OVERRULES both of plaintiff's objections. The court finds the magistrate properly determined the factual issues and appropriately applied the law. Therefore, the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of plaintiff in the amount of $2,025. Court costs

are assessed against defendant.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed October 11, 2018
Sent to S.C. Reporter 11/8/18