[Cite as *Columbus v. Carmichael*, 2023-Ohio-1386.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 22AP-306 |
| | | (M.C. No. 2021CRB-015703) |
| Michael Carmichael, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 27, 2023

**On brief:** *Collin P. Finn*, for appellee. **Argued:** *Collin P. Finn.*

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter* and *Orly Ahroni*, for appellant. **Argued:** *Orly Ahroni.*

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, City of Columbus ("the City"), appeals the judgment of the Franklin County Municipal Court sentencing defendant-appellee, Michael Carmichael, to 180 days in jail, with two days of jail-time credit and 178 days suspended. For the following reasons, we reverse the trial court judgment and remand with instructions.

## I. Facts and Procedural History

{¶ 2} On November 1, 2021, the City filed a criminal complaint against Mr. Carmichael, charging him with one count of having weapons while under disability, a first-degree misdemeanor in violation of Columbus City Code ("C.C.C.") 2323.13(A)(1)(f).

{¶ 3} Upon information that Mr. Carmichael wished to plead guilty to the charged offense, the trial court held a plea hearing on March 10, 2022. During the hearing, the trial

court engaged in a colloquy to determine whether Mr. Carmichael was knowingly, intelligently, and voluntarily pleading guilty. They discussed as follows:

> THE COURT: Mr. Carmichael, I have a document in front of me entitled advice and waiver of trial by jury. Did you review this with your attorney?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did you understand everything he was explaining to you before you signed it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Counsel, do you believe that your client is proceeding knowingly, intelligently and voluntarily in this matter?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.

(Mar. 10, 2022 Hearing Tr. at 2-3.)

{¶ 4} The document referenced by the trial court, entitled "Advice of Rights and Waiver of Trial by Jury" ("the Waiver"), informed Mr. Carmichael that a guilty plea constitutes a complete admission of the crime and he would be waiving certain constitutional rights by pleading guilty. The document also notified Mr. Carmichael that he could face a maximum possible jail sentence of 180 days "and/or" a maximum possible fine of $1,000 by pleading guilty to a first-degree misdemeanor.

{¶ 5} After reviewing the Waiver and briefly engaging with Mr. Carmichael, the trial court accepted his plea of guilty to the first-degree misdemeanor weapons under disability charge. Before the hearing concluded, Mr. Carmichael's attorney noted on the record that Mr. Carmichael wished to avoid jail time. (*Id*. at 4.)

{¶ 6} On April 28, 2022, Mr. Carmichael appeared with counsel for a sentencing hearing.[1] During the hearing, defense counsel again noted that Mr. Carmichael wished to avoid a jail sentence. (Apr. 28, 2022 Hearing Tr. at 3.) The trial court imposed a 180-day jail sentence, with two days of jail-time credit and 178 days suspended. The court imposed

---

[1] It is not clear from the record whether an attorney from the Columbus City Attorney's Office was present at the sentencing hearing, as no one entered an appearance on behalf of the government.

two years of community control and a $100 fine, the payment of which was suspended. On May 26, 2022, a nunc pro tunc sentencing entry was filed.

{¶ 7}    Also on May 26, 2022, the City sought leave from this court to file an appeal from the trial court's sentencing entry. This court granted leave on October 27, 2022.

## II.  Assignment of Error

{¶ 8}    The City of Columbus presents the following sole assignment of error for our review:

> [I.] The trial court erred by imposing a sentence that is contrary to law.

## III. Legal Analysis

### A.  Standard of Review

{¶ 9}    The City challenges the trial court's imposition of a community control sentence in lieu of jail time without having entered an objection during the sentencing hearing.  Generally, where a party fails to object during the trial court proceedings, we review the assigned error under a plain error standard of review.  *See, e.g.*, *Columbus v. Coleman*, 10th Dist. No. 22AP-79, 2022-Ohio-4478, citing Crim.R. 52(B).

{¶ 10} The City asks us to undertake something other than plain error review because the record does not reflect that a prosecutor was present to object to the sentence. (Brief of Appellant at 2, citing *State v. Johnson*, 10th Dist. No. 13AP-549, 2013-Ohio-4990, ¶ 6.)  However, because the assigned error rises to the level of plain error, we need not address which standard of review applies under such circumstances.

{¶ 11} To warrant reversal under plain error review, this court must find: (1) "an error, *i.e.*, a deviation from a legal rule;" (2) the error is plain or obvious; and (3) the error affected the outcome of the trial court proceedings.  *See State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  A sentence that is contrary to law satisfies this three-part test.  *See id.*; *State v. Hunt*, 8th Dist. No. 97925, 2012-Ohio-3578, ¶ 10.

**B. Mr. Carmichael's community control sentence is contrary to law because Columbus City Code 2323.13(B) requires the imposition of at least 180 days in jail.**

{¶ 12} Mr. Carmichael pleaded guilty to a violation of C.C.C. 2323.13(A)(1)(f), which states that no person who was previously convicted of certain weapons control offenses may knowingly acquire, have, carry, or use a firearm or dangerous ordnance. Violation of this code section is a first-degree misdemeanor offense and is "punishable by up to one year in jail with a mandatory minimum jail term of at least one hundred eighty (180) consecutive days during which mandatory jail term the defendant shall not be eligible for work release[.]" C.C.C. 2323.13(B).

{¶ 13} As Mr. Carmichael concedes in his brief before this court, the trial court did not have discretion to impose a community control sentence for this offense. Because the court's error in imposing a sentence that is contrary to law is plain and it affected the outcome of the proceedings, we find the City has satisfied its burden to demonstrate plain error and sustain the sole assignment of error in this case.

**C. The record suggests Mr. Carmichael's guilty plea was not knowing, intelligent, and voluntary.**

{¶ 14} Although not explicitly raised on appeal, we express our concern with the consequences of our decision vacating Mr. Carmichael's sentence without also vacating his guilty plea.

{¶ 15} A plea of guilty or no contest "must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Before accepting a guilty plea in a misdemeanor case involving a serious offense, the trial court must "inform[] the defendant of the effect of the plea[] * * * and determin[e] that the defendant is making the plea voluntarily." Crim.R. 11(D).

{¶ 16} The trial court did not inform Mr. Carmichael of the effect of his plea–that he would face a mandatory minimum sentence of 180 days in jail. And the record does not show he otherwise subjectively understood that he would be subject to a mandatory jail term. The signed Waiver informed Mr. Carmichael that a first-degree misdemeanor is punishable by "up to 180 days" in jail "and/or" a maximum possible fine of $1,000. During his plea hearing, the trial court asked only whether Mr. Carmichael understood the

information contained in the Waiver. (Mar. 10, 2022 Hearing Tr. at 2-3.) In fact, trial counsel affirmatively noted on the record that Mr. Carmichael wished to avoid jail time, suggesting Mr. Carmichael and his attorney believed a community control sanction was possible. (*Id.* at 4.)

{¶ 17} Mr. Carmichael has not asked this court to vacate his guilty plea, and we decline to do so sua sponte. However, we take this opportunity to note our concern with Mr. Carmichael's understanding of the effect of his guilty plea.

## IV. Conclusion

{¶ 18} Having sustained the City's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand to that court for proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

BOGGS and LELAND, JJ., concur.

———————————