[Cite as *State v. Figueroa-Benitez*, 2025-Ohio-1146.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                   :

     Plaintiff-Appellee,                    :

                                No. 23AP-749

v.                                              :       (C.P.C. No. 19CR-6281)

Edward Figueroa-Benitez,                         :       (REGULAR CALENDAR)

     Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on March 31, 2025

---

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Edward Figueroa-Benitez, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a guilty plea. For the following reasons, we reverse and remand with instructions to vacate the judgment entry and the plea agreement.

## I. Facts and Procedural History

{¶ 2} Figueroa-Benitez was indicted in December 2019 on one count of possession of a fentanyl-related compound, one count of trafficking in a fentanyl-related compound, one count of possession of heroin, and one count of trafficking in heroin, with major drug offender and forfeiture specifications attached to each of the four counts. He initially pleaded not guilty to the charges. In September 2021, Figueroa-Benitez moved to suppress

certain statements he allegedly made to law enforcement agents and evidence gathered as a result of those statements, asserting his constitutional rights had been violated. Plaintiff-appellee, State of Ohio, filed a memorandum in response, arguing that there had been no violation of Figueroa-Benitez's constitutional rights and that the motion to suppress should be denied.

{¶ 3} The trial court convened a hearing on the motion to suppress on March 31, 2022. Before addressing the merits of the motion to suppress, the trial court inquired whether the state had made a plea offer. The prosecutor indicated the state had offered a recommended sentence of seven to ten and one-half years of imprisonment if Figueroa-Benitez pleaded guilty to any one of the charges in the indictment. Figueroa-Benitez's trial counsel asserted he had previously discussed the plea offer with Figueroa-Benitez. In response to questioning from the trial court, Figueroa-Benitez stated he wished to discuss the matter further with his trial counsel, and the trial court took a recess to allow that discussion. Following the recess, Figueroa-Benitez agreed to plead guilty to Count 1 of the indictment, possession of a fentanyl-related compound, and the prosecutor requested that the trial court dismiss the three remaining counts of the indictment. The prosecutor and Figueroa-Benitez's trial counsel jointly recommended a term of seven to ten and one-half years of imprisonment. Following a colloquy with Figueroa-Benitez, the trial court accepted the guilty plea to the first count of the indictment and dismissed the remaining counts. The trial court imposed the jointly recommended sentence of seven to ten and one-half years of imprisonment and found that Figueroa-Benitez had 857 days of jail-time credit. Pursuant to the guilty plea, Figueroa-Benitez's counsel withdrew the motion to suppress. After the hearing, the trial court issued a written judgment entry on April 7, 2022, imposing the sentence set forth at the hearing.

{¶ 4} Figueroa-Benitez failed to timely appeal the trial court's judgment but filed a pro se notice of appeal in April 2023, which this court dismissed as untimely. *State v. Figueroa-Benitez*, No. 23AP-216 (10th Dist. Nov. 30, 2023) (journal entry). Figueroa-Benitez then filed a motion for leave to file a delayed appeal, which this court granted. *State v. Figueroa-Benitez*, No. 23AP-749 (10th Dist. Feb. 7, 2024) (journal entry).

## II. Assignments of Error

{¶ 5}   On appeal, Figueroa-Benitez assigns the following errors for our review:

> I. The sentence imposed was not a legal sentence and it relied on an improper underlying plea agreement.
>
> II. Since the specific statute section of a broad statute was not cited the appellant was convicted for the lowest felony level set forth in the statute, which is a felony of the fifth degree.

## III. Discussion

{¶ 6}   In his first assignment of error, Figueroa-Benitez argues the sentence imposed by the trial court was contrary to law because the sentence did not comply with mandatory statutory requirements.

{¶ 7}   Under R.C. 2953.08(A)(4), a defendant who is convicted of or pleads guilty to a felony may appeal on the grounds that the sentence is contrary to law. This court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the [trial] court for resentencing" if we find that a sentence is contrary to law. *State v. Hoy*, 2024-Ohio-1555, ¶ 10 (10th Dist.), citing R.C. 2953.08(G)(2). A sentence that is outside the permissible statutory range is contrary to law. *See State v. Kalish*, 2008-Ohio-4912, ¶ 15, *superseded by statute on other grounds*, 2011 Am.Sub.H.B. No. 86, *as recognized in State v. Marcum*, 2016-Ohio-1002, ¶ 14-16 ("If on appeal the trial court's sentence is, for example, outside the permissible statutory range, the sentence is clearly and convincingly contrary to law, and the appellate court's review is at an end."); *State v. Long*, 2024-Ohio-3303, ¶ 13 (8th Dist.) ("A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12."); *State v. Harper*, 2017-Ohio-8963, ¶ 11 (1st Dist.) ("Since the imposed sentence was outside the permissible statutory range, it was clearly and convincingly contrary to law."); *State v. Poling*, 2015-Ohio-1236, ¶ 11 (10th Dist.) ("Because Poling's sentence was outside the maximum allowable statutory range, his sentence is clearly and convincingly contrary to law.").

{¶ 8}   The judgment entry in this case stated that Figueroa-Benitez pleaded guilty to "Count One of the Indictment, to wit: Possession of a Fentanyl Related Compound

without [Major Drug Offender] Specification, but with Forfeiture Specification, in violation of Section 2925.11 of the Revised Code, a Felony of the First Degree." (Jgmt. Entry at 1.) The indictment did not expressly specify what *subsection* of R.C. 2925.11 Figueroa-Benitez was charged with violating in Count 1; however, as the state notes, the language used in Count 1 of the indictment was consistent with R.C. 2925.11(C)(11)(g). That subsection specifies the penalty for possession of a fentanyl-related compound to which R.C. 2925.11(C)(9)(a) and 2925.11(C)(10)(a) do not apply when the amount of the drug "equals or exceeds one thousand unit doses or equals or exceeds one hundred grams." R.C. 2925.11(C)(11)(g). Count 1 of the indictment in this case alleged that Figueroa-Benitez knowingly obtained, possessed, or used a drug that was "a fentanyl-related compound and neither division (C)(9)(a) nor division (C)(10)(a) of Section 2925.11 of the Revised Code applies to the drug involved, or was a compound, mixture, preparation, or substance that contained a fentanyl-related compound or was a combination of a fentanyl-related compound and another controlled substance and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved and the amount of the drug involved equals or exceeds one hundred grams, as defined in section 2925.01 of the Ohio Revised Code." (Indictment at 1.)

{¶ 9} When the amount equals or exceeds one thousand unit doses or one hundred grams, "possession of a fentanyl-related compound is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." R.C. 2925.11(C)(11)(g). Under R.C. 2929.14(A)(1)(a), a first-degree felony is subject to an indefinite prison term, with a minimum term ranging from three to eleven years of imprisonment and a maximum term determined pursuant to R.C. 2929.144. Under R.C. 2929.144(B)(1), the maximum prison term for a first-degree felony conviction is equal to the minimum term plus 50 percent of that term. Therefore, the state asserts that the mandatory sentence for a conviction under R.C. 2925.11(C)(11)(g) would be imprisonment for a term of eleven to sixteen and one-half years.

{¶ 10} Although the judgment entry in this case referred to Count 1 of the indictment, neither the indictment nor the judgment entry specified which specific subsection of R.C. 2925.11 that Figueroa-Benitez was charged under or pleaded guilty to.

The trial court imposed the jointly recommended sentence of seven to ten and one-half years of imprisonment.[1] As explained above, however, the state asserts that the mandatory sentence for a conviction under R.C. 2925.11(C)(11)(g) was eleven to sixteen and one-half years of imprisonment.  Thus, to the extent the trial court sought to sentence Figueroa-Benitez for violating R.C. 2925.11(C)(11)(g), the sentence was contrary to law because it did not conform to the mandatory sentence required by law. *See State v. Snowden*, 2024-Ohio-5649, ¶ 3 (11th Dist.) (holding sentence contrary to law where trial court sentenced defendant to 60 days of local incarceration in the county jail but the statute the defendant pleaded guilty to violating required a mandatory minimum 60-day prison term and did not give the trial court discretion to impose local incarceration); *Columbus v. Carmichael*, 2023-Ohio-1386, ¶ 12-13 (10th Dist.) (concluding trial court erred by imposing sentence of 180 days of jail time, with two days of jail-time credit and 178 days suspended, and two years of community control, when statute defendant pleaded guilty to violating provided for a mandatory minimum jail term of at least 180 days in jail).

{¶ 11} In its brief on appeal, the state conceded that the jointly recommended sentence pursuant to the plea agreement was not authorized by law for a violation of R.C. 2925.11(C)(11)(g).[2]  The state further argued "[s]hould this Court find that the indictment was not properly amended to the first-degree felony form of possession of a fentanyl-related compound under R.C. 2925.11(C)(11)(e), the remedy is to reverse, vacating the plea and remanding the case for further proceedings." (Appellee's Brief at 6-7.)  At oral argument, the state further clarified and conceded that the sentence imposed by the trial court was not authorized by law, and argued that the appropriate remedy was for this court to reverse the judgment entry and remand to the trial court.

{¶ 12} Because the sentence imposed by the trial court in this case was contrary to law, we sustain Figueroa-Benitez's first assignment of error and reverse the judgment of

---

[1] At the March 31, 2022 hearing, the prosecutor admitted she erred by offering a minimum term of seven years of imprisonment but asserted that the state would honor the plea offer despite realizing that a mandatory minimum term of eleven years of imprisonment was required.  (Mar. 31, 2022 Tr. at 3-4.)

[2] The state argues in its brief on appeal that the sentence imposed by the trial court would have been permissible for a violation of R.C. 2925.11(C)(11)(e), and that the plea agreement and jointly recommended sentence reflect the parties' intent to amend Count 1 of the indictment to conform to that charge.  However, we need not reach that issue because the indictment was not amended and the judgment entry does not indicate that the trial court sentenced Figueroa-Benitez pursuant to that subsection of the statute.

the trial court. On remand, the trial court should vacate the judgment entry and plea agreement.

{¶ 13} In his second assignment of error, Figueroa-Benitez argues that because of the failure to cite a specific subsection his conviction should be considered a conviction of the lowest degree offense set forth in R.C. 2925.11(C), which would be a fifth-degree felony. However, our resolution of his first assignment of error and determination that the sentence was contrary to law renders moot Figueroa-Benitez's second assignment of error.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we sustain Figueroa-Benitez's first assignment of error and his second assignment of error is rendered moot. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

EDELSTEIN and DINGUS, JJ., concur.

---